# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TODD A. KING,

        Petitioner,  :  Case No. 3:22-cv-154

- vs -       District Judge Thomas M. Rose
                    Magistrate Judge Michael R. Merz

WARDEN, Lake Erie Correctional
  Institution,

        Respondent.  :

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Todd King pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits. Relevant filings are the Petition (ECF No. 1), the State Court Record (ECF No. 8), the Return of Writ (ECF No. 9), and Petitioner's Second Reply (ECF No. 12).

**Litigation History**

On February 15, 2019, a Montgomery County, Ohio, grand jury indicted King on five counts of assault on a peace officer with a deadly weapon in violation of Ohio Revised Code § 2903.11(A)(3) with a firearm specification, one count of tampering with evidence in violation of

1

Ohio Revised Code § 2921.12(A)(1), one count of having weapons while under a disability in violation of Ohio Revised Code § 2923.13(A)(2), one count of inducing panic in violation of Ohio Revised Code § 2917.31(A)(2), one count of domestic violence in violation of Ohio Revised Code § 2919.25(A), and two counts of child endangering in violation of Ohio Revised Code § 2919.22(A). (Indictment, State Court Record ECF No. 8 PageID 46-52).

King pleaded not guilty by reason of insanity and raised the question of his mental competency to stand trial. After he was examined, the parties stipulated to the admission of the forensic report and he was found competent to stand trial. He then waived his right to a jury on the weapons under disability charge, but tried the balance of the charges to a jury. He was convicted after trial on all charges and sentenced to an aggregate twenty-eight years imprisonment.

With new counsel, Petitioner appealed to the Second District Court of Appeals which affirmed. *State v. King*, 2021-Ohio-1113 (Ohio App. 2d Dist. Apr. 2, 2021), app. jurisdiction declined. *State v. King,* 163 Ohio St.3d 1496 (2021). King filed a petition for post-conviction relief under Ohio Revised Code § 2953.21, but the trial court found his claims barred by *res judicata* and he did not appeal. King's motion to amend his post-conviction petition was denied as untimely and he also dd not appeal that decision.

King filed his Petition for habeas corpus in this Court on June 2, 2022, pleading the following single ground for relief:

> **Ground One**: Appeals Court erred by overruling appellant's assignment of error his right to due process under the 5th and 14th Amendments to Article I, section 16 of the U.S. Constitution. (sic) Counsel felt (sic) to request an evidentiary hearing to the appellant's competency to stand trial constitutes ineffective assistance. Appeal court (sic) erred by overruling appellant's claim that his convictions were against the manifest weight of the evidence.

(Petition, Doc. No. 1 PageID 5)[1].

Because King is proceeding *pro se*, he is entitled to have his Petition liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Magistrate Judge, liberally construing the Petition, reads it as pleading three sub-claims:

**One:** King was denied due process of law in violation of the Fourteenth Amendment to the Constitution in the way he made the claim on direct appeal.

**Two:** King was denied effective assistance of counsel in violation of the Sixth Amendment to the Constitution when his trial attorney failed to request an evidentiary hearing on his claim that he was incompetent to stand trial.

**Three:** King's conviction is against the manifest weight of the evidence.

## Analysis

**State Law Claims are not Cognizable**

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780

---

[1] This is King's first habeas corpus petition challenging this conviction. He filed a second such petition which District Judge Newman dismissed without prejudice to allow litigation of this case. *King v. Ohio*, Case No. 3:22-cv-184, 2022 WL 2022 WL 4069786 (S.D. Ohio Sept. 2, 2022).

(1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). To the extent King's Ground for Relief pleads he is being held in violation of the Ohio Constitution, it is not cognizable in this proceeding and should be dismissed without prejudice. The same is true of his claim that his convictions are against the manifest weight of the evidence which does not state a claim under the Federal Constitution. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

**Due Process Sub-Claim**

In his first sub-claim, King asserts he was denied due process of law as he raised this claim on direct appeal, to wit, in failing to hold an evidentiary hearing on his competence to stand trial. That claim was his First Assignment of Error and pleaded as follows:

> THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE[S] CONSTITUTION, AND ARTICLE I OF THE OHIO CONSTITUTION, IN FINDING APPELLANT COMPETENT TO STAND TRIAL WITHOUT CONDUCTING AN EVIDENTIARY HEARING.

(Appellant's Brief, State Court Record, ECF No. 8, Ex. 41, PageID 155). The Court of Appeals decided this claim as follows:

> {¶ 6} In his first assignment of error, King contends the trial court erred in failing to conduct a competency hearing after he raised the issue in a pretrial motion. King cites R.C. 2945.37(B), which provides that the trial court "shall hold a hearing" if a defendant's competence to stand trial is raised as an issue. King argues that the trial court violated this mandate by simply admitting two competency evaluations into the record and summarily finding him competent to stand trial. King asserts that the trial court was required to hold a "full" hearing and to inquire from defense counsel and

4

expert witnesses about whether he was able to participate in his own defense.

{¶ 7} Upon review, we find King's argument to be unpersuasive. After King raised his competence as an issue before trial, he was evaluated by two experts. Both of the experts submitted written reports finding King competent to stand trial. King subsequently appeared in court with counsel. The prosecutor also was present. At that time, both parties stipulated to the admission of the two competency reports. They also stipulated that if the examiners were called to testify at a hearing the testimony would be consistent with their reports. (Tr. 17-18.) No other evidence was presented. Based on the content of the stipulated reports, the trial court declared King competent to stand trial. (*Id*. at 18.)

{¶ 8} Although no in-person witnesses testified in this case, the evidence at a competency hearing may consist of one or more stipulated written evaluation reports. *See* R.C. 2945.37(E) (recognizing that "[a] written report of the evaluation of the defendant may be admitted into evidence at the hearing by stipulation"). Here King effectively waived a "full" hearing with in-person witnesses by stipulating to the contents of the evaluation report and by stipulating that the examiners would testify consistent with their reports if called as witnesses. *State v. Allen*, 1st Dist. Hamilton No. C-190053, 2020-Ohio-4444, ¶17 ("R.C. 2945.37(E) provides for submitting the competency report as evidence by stipulation. A defendant may waive his right to a competency hearing by stipulating to the competency report."); *State v. O'Neill*, 7th Dist. Mahoning No. 03 MA 188, 2004-Ohio-6805, ¶ 21 ("Where the parties stipulate to the contents of the competency reports which opine that the defendant is competent, the parties stipulate to competency and waive the competency hearing."); *see also In re A.D.*, 2d Dist. Montgomery No. 21850, 2008-Ohio-750, ¶ 20 (reasoning that a juvenile court could dispense with a competency hearing where the defendant stipulated to the contents of an expert report finding him competent to stand trial).

{¶ 9} Here the parties stipulated to the contents of two evaluation reports finding King competent to stand trial in lieu of proceeding with a fuller hearing at which the examiners would be called as witnesses. Under these circumstances, King effectively waived his right to demand anything more. Accordingly, the first assignment of error is overruled.

*State v. King, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Relevant U.S. Supreme Court precedent relied on by King in his direct appeal included *Pate v. Robinson*, 383 U.S. 375 (1966); *Drope v. Missouri* (1975), 420 U.S. 162 (1975); and *Dusky v. United States*, 362 U.S. 402 (1960). He has not shown or even argued any way in which the Second District's decision here is an objectively unreasonable application of any of this precedent.

The test for competency in a criminal case is whether the defendant has a rational understanding of the proceedings and a capacity to assist counsel. *Dusky v. United States*, 362 U.S. 402 (1960). The same standard applies to competency to plead guilty and waive the right to counsel. *Godinez v. Moran*, 509 U.S. 389 (1993).

A person who is mentally incompetent may not be tried for a crime so long as the incompetence continues. *Bishop v. United States*, 350 U.S. 961(1956). This fundamental right, now protected by the Due Process Clause of the Fourteenth Amendment, has firm roots in the common law. *Drope v. Missouri*, 420 U.S. 162, 171 (1975), citing 4 Blackstone, Commentaries

24. To protect this right, a State must adopt and observe adequate procedures for determining whether a person is competent to stand trial. *Pate v. Robinson*, 383 U.S. 375 (1966). It is not unconstitutional to presume competence, as Ohio law does, and to place the burden of proving incompetence on a criminal defendant. *Medina v. California*, 505 U. S. 437(1992). A determination of competence is a factual finding to which deference must be paid in habeas proceedings. *Filiaggi v. Bagley*, 445 F.3d 851 (6th Cir. 2006), *citing Thompson v. Keohane,* 516 U.S. 99, 110-11 (1995).

The standard for competency to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960).

In this case the trial judge had King's competence to stand trial evaluated twice and then, on stipulation of the parties, admitted the forensic reports in evidence and found competency in light of that evidence. In light of that stipulation, there was no need to have the forensic witnesses essentially read their reports into the record.

This Court should therefore defer to the Second District Court of Appeals and find King's first sub-claim to be without merit.

**Second Sub-Claim: Ineffective Assistance Of Trial Counsel In Failure To Insist On Evidentiary Hearing**

In his second sub-claim, King asserts he received ineffective assistance of trial counsel when his trial attorney did not insist on an evidentiary hearing on his competency to stand trial.

7

He pleaded this as his Second Assignment of Error on appeal as follows:

> THE FAILURE OF APPELLANT'S COUNSEL TO REQUEST AN EVIDENTIARY HEARING ON APPELLANT'S COMPETENCY TO STAND TRIAL CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL

(Appellant's Brief, State Court Record, ECF No. 8, Ex. 48, PageID 162).

The Court of Appeals decided this Assignment as follows:

> {¶ 10} In his second assignment of error, King alleges ineffective assistance of counsel based on his attorney's failure to request an evidentiary hearing concerning his competence to stand trial. King cites four facts that he claims were indicative of incompetence: (1) his use of a child as a "shield" during the standoff, (2) his initial refusal to undergo a competency evaluation or to appear in court with counsel, (3) his initial failure to complete two competency evaluations, and (4) his rejection of a favorable plea bargain. Although two experts ultimately evaluated King and found him competent to stand trial, he argues that his attorney should have requested a "full" evidentiary hearing on the issue. King also suggests in passing that his attorney should not have abandoned a defense that he was not guilty by reason of insanity ("NGRI").
>
> {¶ 11} As noted above, two experts evaluated King before trial regarding his competence. Both evaluations resulted in findings that he was fully capable of understanding the proceedings and assisting counsel with his defense. In light of these findings, defense counsel reasonably elected to stipulate to the reports and to the fact that the experts would testify consistent with those reports if called to testify at a hearing. We see no deficient performance in defense counsel's failure to require the trial court to hold a "full" hearing so the two experts could testify in person. On this record, we also see no prejudice to King resulting from a lack of in-person testimony. If the experts had testified, their testimony presumably would have been consistent with their reports, just as defense counsel stipulated. We are unaware of any other evidence or testimony that reasonably might have controverted the experts' opinions and resulted in the trial court's finding King incompetent to stand trial. The four facts King cites fail to persuade us that his attorney provided prejudicially

8

>deficient representation by failing to demand a hearing with in-person testimony.

*State v. King, supra.*

Because the Second District decided this claim on the merits, King's burden here is the same as on his first sub-claim to wit, to show their decision is an objectively unreasonable application of relevant Supreme Court precedent.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

>A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

9

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The

> likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

King has not shown any way in which the Second District's decision was an unreasonable application of *Strickland*. His second sub-claim should therefore be denied on the merits.

**Third Sub-Claim: Conviction Against the Manifest Weight of the Evidence**

King's third sub-claim is that his conviction is against the manifest weight of the evidence. As noted above, this is a claim only under Ohio law and should be dismissed without prejudice.

**Claims Made in the Second Reply**

In his Second Reply, King pleads a number of new grounds for relief.

**First Ground:** Original trial attorney Joe Cloud provided ineffective assistance of trial counsel by seeking an evaluation of King's mental status. (Second Reply, ECF No. 12, PageID 1378).

**Second Ground**: Substitute trial attorney Marshal Lachman provided ineffective assistance of trial counsel by failure to file a motion to suppress and failure to file a motion under *Brady v. Maryland*, 373 U.S. 83 (1963), to compel production of surveillance video from a camera in King's

11

home and to obtain the 911 calls that initiated the stand-off. *Id.* at PageID 1379, et seq.

**Third Ground:** Deprivation of right to trial by an unbiased jury. A juror was related to a police officer and Attorney Lachman did not obtain that jurors removal. *Id.* at PageID 1384.

**Fourth Ground: Ineffective Assistance Of Appellate Counsel.** Appellate counsel were allegedly ineffective in ways that are not specified. *Id.* at PageID 1384.

**Fifth Ground: Admission of Unreliable Scientific Evidence.** *Id.* at PageID 1385 et seq.

This Report will not discuss the merits of these claims because they are not properly before the Court. A district court may decline to review a claim a petitioner raises for the first time in his traverse or reply. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). To allow the addition of new claims in a reply/traverse would unfairly deprive the State of Ohio of an opportunity to respond.

New claims can be added to a habeas petition by amendment. 28 U.S.C. § 2242. However, King has never moved to amend his Petition to add these claims. Were he to do so now, they would be barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). King's conviction became final on direct appeal ninety days after the Ohio Supreme Court declined jurisdiction on July 6, 2021, to wit, on October 4, 2021. The statute expired one year later on October 4, 2022. Although King's original Petition, filed in June 2022, was timely, any additional completely new grounds such as these would not relate back and would be barred by the statute.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 20, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge