# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TODD A. KING,

        Petitioner,    :    Case No. 3:22-cv-154

 - vs -        District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

WARDEN, Lake Erie Correctional
  Institution,

        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Todd King, is before the Court on his Objections (ECF No. 17) to the Magistrate Judge's Report and Recommendations recommending dismissal with prejudice (ECF No. 14). District Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 19).

King pleaded one Ground for Relief with the following three sub-grounds:

**One:** King was denied due process of law when he was found mentally competent to stand trial without an evidentiary hearing.

**Two:** King was denied effective assistance of counsel in violation of the Sixth Amendment to the Constitution when his trial attorney failed to request an evidentiary hearing on his claim that he was incompetent to stand trial.

**Three**: King's conviction is against the manifest weight of the evidence.

The Ohio Second District Court of Appeals decided the first sub-claim on the merits. Because their decision was not an objectively unreasonable application of relevant U.S. Supreme Court precedent, the Report concluded it was entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). Because the trial court received in writing all the evidence it would have received at an oral evidentiary hearing, the Second District found no ineffective assistance of trial counsel in failing to insist on an oral hearing. This decision was likewise entitled to AEDPA deference. Finally, the Report notes King's manifest weight claim does not state a claim of a constitutional violation and is therefore not cognizable in habeas.

King objects that he did not have a firearm: what the police thought was an assault rifle was only a plastic replica of one and the police never found an operable firearm in the house or on the property (Objections, ECF No. 17, PageID 1427). He pleaded this as a manifest weight of the evidence claim which the Report found is not cognizable in habeas corpus.

Even if King had pleaded this claim as an insufficient evidence to convict claim under the Fourteenth Amendment[1], he would not be entitled to relief. Both King's female cohabitant and a neighbor reported to police that King was armed and officers testified to a muzzle flash from King's location. *State v. King*, 2021 WL 1235764, ¶ 3 (Ohio App. 2nd Dist. Apr. 2, 2021). The fact that police were unable to retrieve the handgun does not cancel out the two witnesses who testified they saw it and in fact King was loading it for a confrontation with police. The fact that the police believed the plastic replica was the real thing and it was not does not eliminate the direct evidence of the handgun.

---

[1] While a conviction against the manifest weight of the evidence is not cognizable in habeas corpus, a conviction on insufficient evidence violates the Due Process Clause of the Fourteenth Amendment. *Jackson v. Virginia*, 443 U.S. 307 (1979).

2

The fact that one of the witnesses later recanted her testimony proves only that she was not telling the truth on one of the two occasions when she testified. "Recanting affidavits and witnesses are viewed with extreme suspicion." *United States v. Willis,* 257 F.3d 636, 645 (6th Cir. 2001); *United States v. Chambers*, 944 F.2d 1252, 1264 (6th Cir. 1991); *see also United States v. Lewis*, 338 F.2d 137, 139 (6th Cir. 1964). Even if accepted, recantation of trial testimony is generally not sufficient to grant habeas relief absent constitutional error. *Welsh v. Lafler*, 444 Fed. Appx. 844, 850 (6th Cir. 2011).

King raises a number of points in his Objections that are not included in his Petition or Reply. He asserts it was ineffective assistance of trial counsel for his attorney to request a mental evaluation before meeting with him (Objections, ECF No. 17, PageID 1430). However, a lawyer's obligation to assure that a client is mentally competent to stand trial is independent of whether he has discussed the matter with the client. The mental status of a person accused of holding children as shields in a shoot-out with police certainly raises a competency question.

King recites boilerplate law about fair trials and the constitutional right to an unbiased judge (Objections, ECF No. 17, PageID 1433). He fails to relate any of this law to the facts of this case. He mentions *Brady v. Maryland*, 373 U.S. 83 (1963), which requires the State to turn over exculpatory evidence, but he mentions it in connection with the notarized letter of Denise Russell recanting her prior testimony. King filed this as newly-discovered evidence in support of his petition for post-conviction relief. He filed the motion to amend his post-conviction petition on September 9, 2021; Ms. Russell's letter says she wrote it August 18, 2021, well after the trial. King has shown no *Brady* violation.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge remains persuaded it should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 7, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

*s/ Michael R. Merz*
United States Magistrate Judge