# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TODD A. KING,

        Petitioner,       :      Case No. 3:22-cv-154

- vs -       District Judge Thomas M. Rose
      Magistrate Judge Michael R. Merz

WARDEN, Lake Erie Correctional
  Institution,

                                         :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO REOPEN

This habeas corpus case, brought *pro se* by Petitioner Todd King, is before the Court on Petitioner's Motion to Reopen the case under Fed.R.Civ.P. 60(b)(ECF No. 33). That Rule provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

1

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Because there is a pending appeal in this case (6th Cir. Case No. 23-3758), this Court's authority with respect to the Motion is constrained by Fed.R.Civ.P. 62.1.

As best the Magistrate Judge understands Petitioner's Motion, he claims he was denied due process of law and access to the courts when the Court entered judgment dismissing this case without considering his "new merits" claims. A motion to reopen a case because the Court did not consider all the claims before it is properly considered under Fed.R.Civ.P. 60(b)(1).

However, the claim is without merit. On June 20, 2023, the Magistrate Judge filed a Report and Recommendations which recommended dismissal of the case with prejudice (ECF No. 14). Petitioner moved for additional time to object and also for time to move to file an amended petition (ECF No. 15). On June 30, 2023, the Court granted Petitioner's Motion for additional time to object and noted that no time limit had been placed on motions for leave to amend, but that it would have to happen before judgment (ECF No. 16). The Magistrate Judge also noted, however, that the statute of limitations had expired and any motion to amend would have to deal with that question. *Id.*

Petitioner did not thereafter ever seek leave to amend. The case was recommitted to the Magistrate Judge for a supplemental report and recommendations which was filed, objected to and eventually adopted (ECF Nos. 19, 20, and 23). Never in that time did Petitioner ever move to amend.

Petitioner has not been denied access to the Court. He had the same right to move to amend under 28 U.S.C. § 2242 as any other habeas petitioner. Unless he could show that his new claims

2

related back to the original claims, they would have been barred in any event by the statute of limitations in 28 U.S.C. § 2244(d). But that statute, which itself denies access to the Court for stale claims, has been upheld as constitutional. See, *inter alia, Delaney v. Matesanz*, 264 F.3d 7 (1st Cir. 2001).

**Conclusion**

Because Petitioner's Motion under Fed.R.Civ.P. 60(b) is without merit, the Magistrate Judge respectfully recommends it be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 18, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge