# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TODD A. KING,

               Petitioner,        :     Case No. 3:22-cv-154

    - vs -                       District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

WARDEN, Lake Erie Correctional
  Institution,

                              :
           Respondent.

# DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Todd King, is before the Court on Petitioner's objections[1] ("Objections," ECF No. 38) to the Magistrate Judge's Report and Recommendations ("Report", ECF No. 34) recommending denial of Petitioner's Motion to Reopen the case under Fed.R.Civ.P. 60(b)(ECF No. 33).

As required by Fed.R.Civ.P. 72(b), the Court has reviewed the findings and conclusions of the Magistrate Judge and has considered *de novo* all of the filings in this case with particular attention to the issues as to which Petitioner has lodged objections. Having done so, the Court determines that the Magistrate Judge's recommendations should be adopted.

King's claim in the instant Motion is that he has been denied access to the courts because this Court has not considered the merits of his "new claims." The Report concedes this is a proper

---

[1] Petitioner has filed his objections under the label "Petitioner['s] Motion Responding to Report and Recommendations on Motion to Reopen."

purpose for a Rule 60(b) motion, but found it was without merit because King had never submitted those claims by way of a motion to amend the petition.  In his Objections, King argues the merits of his new claims, but does nothing to refute the Report's finding that he never moved to amend the petition prior to judgment.  He criticizes the Magistrate Judge's proceeding to recommend judgment in the case without waiting for his motion to amend, but he gives no indication of how long he believes the Court should have waited.  Nor does he offer any response to the Magistrate Judge's observation that the statute of limitations had expired on any new claims.

The Report concluded:

> Petitioner has not been denied access to the Court.  He had the same right to move to amend under 28 U.S.C. § 2242 as any other habeas petitioner.  Unless he could show that his new claims related back to the original claims, they would have been barred in any event by the statute of limitations in 28 U.S.C. § 2244(d).  But that statute, which itself denies access to the Court for stale claims, has been upheld as constitutional.  See, *inter alia, Delaney v. Matesanz*, 264 F.3d 7 (1st Cir. 2001).

(ECF No. 34, PageID 1538-39).  That is a correct statement of the law.

**Conclusion**

Because Petitioner has shown no kistake of law or misstatement of fact in the Report, is is ADOPTED.  Because Petitioner's Motion under Fed.R.Civ.P. 60(b) is without merit, it is DENIED. denied.  Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 21, 2023.                                         *s/Thomas M. Rose*

                                                    _____
                                                          Thomas M. Rose
                                                    United States District Judge